**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  21-cr-00264-RM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.   SEAN PEARCE,

Defendant.

**UNOPPOSED MOTION FOR ENDS OF JUSTICE EXCLUSION OF TIME AND
TO EXTEND FILING DEADLINES**

Mr. Pearce, through his attorney, Jolie Masterson, respectfully moves this Court for an ends of justice exclusion of time pursuant to 18 U.S.C. § 3161(h)(7)(A) to add an additional 120 days to his speedy trial calculation He also moves to continue the motions filing deadlines similarly.  As grounds, Mr. Pearce states:

### I.   PROCEDURAL HISTORY

1.   Mr. Pearce was indicted on August 10, 2021 and the indictment was superseded on November 3, 2021.  ECF #1, 21.  Mr. Pearce currently stands charged with one count of possessing with the intent to distribute 50 grams or more of methamphetamine pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(A), one count of possessing with the intent to distribute 40 grams or more of a mixture and substance containing fentanyl pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(B), one count of possessing firearms as a person previously convicted of a crime punishable by

imprisonment for a term exceeding one year pursuant to 18 U.S.C. § 922(g)(1), and a forfeiture allegation.  ECF #21.

2. Mr. Pearce was brought to court by writ for his initial appearance on October 22, 2021 and counsel was appointed.  ECF # 7-9.  Ms. Mary Butterton from the Federal Public Defender's Office entered her appearance as Mr. Pearce's counsel that same day.  ECF #12.

3. Mr. Pearce appeared for arraignment, detention hearing, and discovery conference on October 27, 2021.  ECF #13.  Mr. Pearce was ordered detained.  ECF #18.

4. As mentioned above, on November 3, 2021, the indictment was superseded.  ECF #21.  Mr. Pearce was arraigned on the new indictment on November 17, 2021.  ECF #25.

5. On November 19, 2021, Mr. Pearce, through Ms. Butterton as counsel, filed a motion to exclude 90-days from speedy trial.  ECF #27.  The Court granted this motion.  ECF #28.

6. On January 4, 2022, Ms. Butterton filed a motion to withdraw as counsel and appoint new counsel from the Criminal Justice Act.  ECF #29.  The Court granted this motion and undersigned counsel entered her appearance as counsel for Mr. Pearce on January 5, 2022.  ECF #30-31.

7. Motions are currently due in a few days, on January 14, 2022.  Responses are due by January 28, 2022.  A jury trial is set for March 21, 2022.  ECF #28.

8. Just a few days ago, undersigned counsel received discovery in this case. The discovery produced is comprised of 959 pages of investigative reports, 5,117 pages

of documents related to search warrants, 32 pages of documents related to criminal history, 21 video files, 1 audio file, and 14 Excel files. Undersigned counsel has barely begun review of the discovery.

9. Undersigned counsel seeks time to review and analyze discovery, discuss discovery and various issues with Mr. Pearce, investigate possible defenses, investigate mitigation, conduct any relevant legal research, and communicate with the government. Undersigned counsel has discussed this request and Mr. Pearce's rights with Mr. Pearce and Mr. Pearce is in agreement with this request.

10. The government, through Ms. Andrea Surratt, does not oppose this request.

## II.  APPLICABLE LEGAL STANDARDS

11. In *United States v. West*, the Tenth Circuit Court of Appeals addressed standards for requests for continuances. 828 F.2d 1468 (10th Cir. 1987). According to the Tenth Circuit, in deciding whether to grant or deny a request for a continuance, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *West*, 828 F.2d at 1470. No single factor is determinative. *Id.*

12. 18 U.S.C. § 3161 addresses Speedy Trial and exclusions of time. Subsection (h)(7)(A) allows to be excluded from the Speedy Trial period any delay resulting from a continuance granted by any judge at the request of the defendant or his

counsel, if the judge granted such continuance on the basis of his findings that the ends of justice served by doing so outweigh the best interest of the public and the defendant in a speedy trial.

13.     18 U.S.C. § 3161(h)(7)(B) provides a list of four (4) non-exclusive factors a Court shall consider in deciding whether to grant an ends of justice motion for continuance.  The most pertinent of those factors here are as follows: "(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice" and "(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex [ ], … would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(i), (iv).

### III. ANALYSIS

14.     Regarding the factors outlined in *United States v. West*, first, Mr. Pearce is making this request with diligence.  Mr. Pearce has done nothing to cause, and bears no fault in, the changing of counsel due to a Federal Public Defender conflict in this case.  Undersigned counsel was just appointed last week and the motions filing deadline is this week.  Trial is currently scheduled only a couple months away.  Undersigned counsel has met with Mr. Pearce but had little information about the allegations at that time.  Discovery is voluminous and undersigned counsel has been diligent but has only barely been able to begin its review.

15.     Second, granting this motion would allow defense counsel the time necessary to review the discovery, including media files, gain information and participation from Mr. Pearce in his defense, investigate any legal issues and/or mitigation, research any legal issues, potentially consult with experts, and communicate with the government regarding the case.  Granting this motion will allow counsel to determine how to proceed with motions filing and the time to draft and file motions.

16.     Third, it is believed that there is no inconvenience to the opposing party or its witnesses.  Defense counsel has conferred with the government and it does not oppose this request.  There has not been a great delay in this case, as Mr. Pearce only first appeared in court on this matter in October 2021 and was arraigned on the Superseding Indictment in November 2021.

17.     Fourth, the need for the exclusion of time is one of constitutional importance and a denial would be extremely harmful to Mr. Pearce.  Mr. Pearce is entitled to effective assistance of counsel.  U.S. Const. amend. VI.  *Effective* assistance requires time to review discovery, have attorney-client communications, investigate, research legal issues, evaluate the usefulness of the results of investigation and research, consult with any necessary experts, and communicate with the government, in order to proceed in this case.   Given the recent appointment of undersigned counsel and the large volume of discovery, the current motions filing deadlines and trial date do not afford Mr. Pearce and his counsel the necessary time in which to accomplish these tasks.

18.     With respect to the factors for exclusions of time from the Speedy Trial period found in 18 U.S.C. §3161(h)(7)(B) the denial of this request would result in a

miscarriage of justice and denial of the reasonable time necessary for effective preparation for the same reasons as outlined in the paragraph above relating to the fourth *West* factor.

**WHEREFORE**, Mr. Pearce respectfully requests that this Honorable Court grant an ends of justice exclusion of time pursuant to 18 U.S.C. § 3161(h)(7)(A) to add an additional 120 days to his speedy trial calculation, and to adjust the motions filing deadlines similarly.

Respectfully submitted,

Dated: January 11, 2022

s/Jolie Masterson
JOLIE MASTERSON
Masterson Hall, P.C.
1544 Race Street
Denver, CO 80206
Phone 720-663-9553
Fax 303-957-5579
Email: masterson@mastersonhall.com
Attorney for Mr. Pearce

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 11th day of January 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Jolie Masterson
Jolie Masterson