**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  21-cr-00264-RM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.      SEAN PEARCE,

Defendant.

---

**UNOPPOSED MOTION FOR ENDS OF JUSTICE EXCLUSION OF TIME AND
TO EXTEND FILING DEADLINES**

---

Mr. Pearce, through his attorney, Jolie Masterson, respectfully moves this Court

for an ends of justice exclusion of time pursuant to 18 U.S.C. § 3161(h)(7)(A) to add an

additional 60 days to his speedy trial calculation He also moves to continue the motions

filing deadlines similarly.  As grounds, Mr. Pearce states:

**I.  PROCEDURAL HISTORY**

1.      Mr. Pearce was indicted on August 10, 2021 and the indictment was

superseded on November 3, 2021.  ECF #1, 21.  Mr. Pearce stands charged with one

count of possessing with the intent to distribute 50 grams or more of methamphetamine

pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(A), one count of possessing with the intent

to distribute 40 grams or more of a mixture and substance containing fentanyl pursuant

to 21 U.S.C. § 841(a)(1) and (b)(1)(B), one count of possessing firearms as a person

previously convicted of a crime punishable by imprisonment for a term exceeding one year pursuant to 18 U.S.C. § 922(g)(1), and a forfeiture allegation.  ECF #21.

2.      Mr. Pearce was brought to court by writ for his initial appearance on October 22, 2021 and counsel was appointed.  ECF # 7-9.  Ms. Mary Butterton from the Federal Public Defender's Office entered her appearance as Mr. Pearce's counsel that same day.  ECF #12.

3.      Mr. Pearce appeared for arraignment, detention hearing, and discovery conference on October 27, 2021.  ECF #13.  Mr. Pearce was ordered detained.  ECF #18.  As mentioned above, on November 3, 2021, the indictment was superseded.  ECF #21.  Mr. Pearce was arraigned on the new indictment on November 17, 2021.  ECF #25.

4.      On November 19, 2021, Mr. Pearce, through Ms. Butterton as counsel, filed a motion to exclude 90-days from speedy trial.  ECF #27.  The Court granted this motion.  ECF #28.

5.      On January 4, 2022, Ms. Butterton filed a motion to withdraw as counsel and appoint new counsel from the Criminal Justice Act.  ECF #29.  The Court granted this motion and undersigned counsel entered her appearance as counsel for Mr. Pearce on January 5, 2022.  ECF #30-31.

6.      Eight days later, on January 11, 2022, undersigned counsel filed a motion to exclude 120-days from speedy trial.  ECF #32.  The Court granted this motion and extended the speedy trial clock to July 29, 2022.  ECF #33.

7.      Motions are currently due by May 16, 2022.  Responses are due by May 30, 2022.  A jury trial is set for July 18, 2022.  ECF #33.

8.      Undersigned counsel has been working diligently at reviewing discovery in this case and discussing it with Mr. Pearce.  Undersigned counsel has also been working diligently with an investigator to investigate relevant issues.  Undersigned counsel and the Government, through Ms. Andrea Surratt, have been in frequent communication regarding various aspects of the case.  The discovery produced is comprised of 968 pages of investigative reports, 5,117 pages of documents related to search warrants, 32 pages of documents related to criminal history, 21 video files, 1 audio file, and 15 Excel files.  Undersigned counsel has reviewed most of this information to date.  Undersigned counsel has reviewed information learned through investigation and summarized by a paralegal to date as well.

9.      Undersigned counsel has also obtained a volume of discovery from a somewhat related case charged in state court in Pueblo County.  Interviews conducted in that case led to search warrants at Mr. Pearce's residence which, in turn, led to the seizure of evidence allegedly supporting the charges in counts two (possession with the intent to distribute fentanyl) and three (possession of a firearm by a prohibited person) in this federal case.  The state and federal cases are inextricably intertwined.  In an effort to speed results, undersigned counsel hired Mr. Pearce's paralegal in the state case to assist in his federal case as well.  This paralegal has already worked with the state discovery and has familiarity with it.  Nonetheless, the state discovery is comprised of 72.19 gigabytes of information, and the paralegal cannot recall or locate everything relevant without additional time for review.  Though the two cases are intertwined, the state case also contains a lot of information not relevant to the federal case.  Undersigned counsel learned last week that potentially relevant actual recordings

of witness interviews, cell phone downloads, and productions of records, though referenced in the state discovery, have not been produced by state prosecutors, and may require follow-up.  The paralegal in the process of locating what undersigned counsel has requested and charting what may be missing.  Undersigned counsel requires additional time to locate (and/or request) and then review this information relevant to Mr. Pearce's defense.

10.     Undersigned counsel has been diligently researching potential defenses and working with an investigator to uncover potential related evidence.  One important area of investigation relates to firearms seized after a search of Mr. Pearce's residence. This is relevant to the firearms charge against Mr. Pearce in count three, and any potential asserted enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of firearms in connection with drug trafficking.  Witness interviews have begun but more time is needed for interviews of additional witnesses.

11.     Additionally, DNA and latent print analysis conducted in the related state case was located yesterday and requires undersigned counsel to consult with an expert regarding interpretation of these results.  Undersigned counsel requires additional time to consult with an expert regarding forensic testing.

12.     Research and investigation into a potential duress defense have begun. However, the defense needs additional time for investigation into threatening communications made to Mr. Pearce in person, in writing, and by voicemail.  Mr. Pearce's defense investigator has attempting to locate written messages received by Mr. Pearce and his wife over a period of time.  Many written messages received by Mr. Pearce and his wife have nothing to do with this case, creating a needle in a haystack

situation.  Therefore, this task is time-consuming and requires additional time.
Additionally, the defense investigator is still attempting to locate and interview witnesses
with personal knowledge on this topic.

13.     Undersigned counsel cannot determine what motions to file or advise Mr.
Pearce as to how to proceed at any stage without additional time to complete the tasks
above.  Additionally, Mr. Pearce cannot adequately assist in his own defense without an
opportunity to obtain and then discuss what the above tasks uncover with counsel.
Undersigned counsel seeks additional time for the defense paralegal to locate and
provide the relevant information requested by her of undersigned counsel, time for
undersigned counsel to review it as well, time for the investigator to complete his
investigation as described above, time to consult with an expert regarding forensic
evidence, and time to discuss the results of all these tasks with Mr. Pearce.

14.     Additionally, undersigned counsel has planned vacations May 17 through
May 26, 2022 (10 days) and June 1 through June 3, 2022 (3 days).  Undersigned
counsel also has a scheduled medical procedure June 7, 2022, and anticipates taking
up to two weeks off afterward.  Undersigned counsel has considered these periods in
making the request for a 60 day exclusion rather than a lesser amount of time.

15.     Undersigned counsel has discussed this request and Mr. Pearce's rights
with Mr. Pearce and Mr. Pearce is in agreement with this request.

16.     Undersigned counsel has discussed this request with Ms. Surratt and the
government does not oppose this request.

## II.  APPLICABLE LEGAL STANDARDS

17.     In *United States v. West*, the Tenth Circuit Court of Appeals addressed standards for requests for continuances.  828 F.2d 1468 (10th Cir. 1987).  According to the Tenth Circuit, in deciding whether to grant or deny a request for a continuance, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *West*, 828 F.2d at 1470.  No single factor is determinative.  *Id.*

18.     18 U.S.C. § 3161 addresses Speedy Trial and exclusions of time. Subsection (h)(7)(A) allows to be excluded from the Speedy Trial period any delay resulting from a continuance granted by any judge at the request of the defendant or his counsel, if the judge granted such continuance on the basis of his findings that the ends of justice served by doing so outweigh the best interest of the public and the defendant in a speedy trial.

19.     18 U.S.C. § 3161(h)(7)(B) provides a list of four (4) non-exclusive factors a Court shall consider in deciding whether to grant an ends of justice motion for continuance.  The most pertinent of those factors here are as follows: "(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice" and "(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex [ ], … would unreasonably deny the defendant or the

Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(i), (iv).

### III. ANALYSIS

20.     Regarding the factors outlined in *United States v. West*, first, Mr. Pearce is making this request with diligence.  Mr. Pearce and his counsel have been diligently reviewing information and discussing the case together since counsel's appointment.  Undersigned counsel and the Government have been in frequent contact regarding various aspects of the case.  Mr. Pearce, through counsel, has hired experts to assist in locating relevant evidence related to his defense.  Undersigned counsel chose a paralegal already versed in the related state case in order to speed the process.  There is simply a lot of information to analyze leading to multiple avenues of investigation.  It is not uncommon for the unearthing of one fact/witness/piece of evidence to lead to the need to conduct additional investigation.  Pretrial work in defense of criminal cases is fluid, directed by previous findings, as has been the case here.

21.     Second, granting this motion would allow defense counsel the time necessary to review additional relevant information obtained, conduct additional investigation, and hire a necessary expert in forensic evidence.  It would allow counsel to discuss all the foregoing with Mr. Pearce, determine motions to file and avenues of defense, and advise Mr. Pearce.

22.     Third, it is believed that there is no inconvenience to the opposing party or its witnesses.  Defense counsel has conferred with the government and it does not oppose this request.  There has not been a great delay in this case.

23.     Fourth, the need for the exclusion of time is one of constitutional importance and a denial would be extremely harmful to Mr. Pearce.  Mr. Pearce is entitled to effective assistance of counsel.  U.S. Const. amend. VI.  *Effective* assistance requires time to conduct investigation, review and evaluate the usefulness of information obtained, hire experts, and have attorney-client communications in order to proceed in this case.   Given the large volume of relevant and potentially relevant information obtained, the need to conduct additional investigation, and the need to hire an expert, the current motions filing deadlines and trial date do not afford Mr. Pearce and his counsel the necessary time in which to accomplish these tasks.

24.     With respect to the factors for exclusions of time from the Speedy Trial period found in 18 U.S.C. §3161(h)(7)(B) the denial of this request would result in a miscarriage of justice and denial of the reasonable time necessary for effective preparation for the same reasons as outlined in the paragraph above relating to the fourth *West* factor.

**WHEREFORE**, Mr. Pearce respectfully requests that this Honorable Court grant an ends of justice exclusion of time pursuant to 18 U.S.C. § 3161(h)(7)(A) to add an additional 60 days to his speedy trial calculation, and to adjust the motions filing deadlines similarly.

Respectfully submitted,

Dated: May 10, 2022                    s/Jolie Masterson_____
                                       JOLIE MASTERSON
                                       Masterson Hall, P.C.
                                       1544 Race Street
                                       Denver, CO 80206
                                       Phone 720-663-9553
                                       Fax 303-957-5579
                                       Email: masterson@mastersonhall.com
                                       Attorney for Mr. Pearce

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Jolie Masterson
Jolie Masterson