IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-264-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    SEAN PEARCE,

    Defendant.

# PLEA AGREEMENT

The United States of America (the government), by and through Andrea Surratt, Assistant United States Attorney for the District of Colorado, and the defendant, SEAN PEARCE, personally and by counsel, Jolie Masterson, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

## I.    AGREEMENT

### A. Defendant's Plea of Guilty:

The defendant agrees to

(1)    plead guilty to Counts One and Two of the Superseding Indictment charging violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)

(2)    waive certain appellate and collateral attack rights, as explained in detail below; and

(3)    agree not to contest forfeiture as more fully described below.

Court Exhibit 1

B. **Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A). The government agrees to move to dismiss Count Three of the Superseding Indictment with prejudice, against this defendant only. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment.

Provided the defendant does not engage in prohibited conduct or otherwise implicate U.S.S.G. §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

In this plea agreement, the Government makes no promises or assurances with respect to any other criminal case that the defendant may have pending in any other jurisdictions.

C. **Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute of conviction, 21 U.S.C. § 841(a)(1) and (b)(1)(A).

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 31; or

(3) the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D. Forfeiture

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to the proceeds obtained by the defendant's scheme, if any. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames. The defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e).

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that the below-described property, which was seized from the defendant's home, and which is currently in the custody or control of the Federal Bureau of Investigation and/or the Colorado Bureau of Investigation, was lawfully seized and that it is evidence, contraband, or fruits of the crimes to which the defendant is pleading guilty. The defendant asserts he has no rights to this property and relinquishes and abandons all claims, title, and interest the defendant has in such property with the understanding and consent that the FBI and/or CBI may dispose of the property without further obligations. The specific property includes: a Glock 26 4th gen 9mm pistol (SN BGHF445) and a Beretta 92FS 9mm pistol (SN K77819Z) and magazines.

## II.  ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of Counts One and Two are as follows:

### Count One:  21 U.S.C. §§ 841(a)(1) and (b)(1)(A)

(1)   The defendant possessed a controlled substance;
(2)   The controlled substance was 50 grams or more of methamphetamine; and
(3)   The defendant possessed the methamphetamine with the intent to distribute it.

### Count Two:  21 U.S.C. §§ 841(a)(1) and (b)(1)(B)

(1)   The defendant possessed a controlled substance;
(2)   The controlled substance was a mixture and substance containing fentanyl weighing 40 grams or more; and
(3)   The defendant possessed the fentanyl with the intent to distribute it.

### III. STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count One of the Superseding Indictment is: not more than life imprisonment; not less than 10 years' imprisonment; a maximum term of supervised release of life; not less than 5 years of supervised release; a maximum fine of $10,000,000; and a $100 mandatory victim's fund assessment fee.

The maximum sentence for a violation of Count Two of the Superseding Indictment is: not more than 40 years' imprisonment; not less than 5 years' imprisonment; a maximum term of supervised release of life; not less than 4 years of supervised release; a maximum fine of $5,000,000; and a $100 mandatory victim's fund assessment fee.

### IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

Count One:

On or about February 1, 2021, the defendant was driving a car in Logan County, Colorado, when he was stopped by the Logan County Sheriff's Office. The defendant was arrested when it was determined that he had an active warrant out of Pueblo, Colorado. The defendant's vehicle was searched, and officers located marijuana, a needle, and $9,550 in the center counsel.

The defendant was transported to the Logan County Jail. He was searched, and officers located a small bag of Alprazolam in his pocket. After the search, while the defendant was walking into the jail, a large baggie containing methamphetamine fell out of his pants. The methamphetamine was tested and determined to be 164.1 grams of methamphetamine at approximately 96% purity (or 157.5 grams of pure methamphetamine).

The defendant admits that he possessed this methamphetamine in the District of Colorado with the intent to distribute it.

Count Two:

On or about June 23, 2021, and June 24, 2021, officers obtained two separate search warrants for the defendant's home in Pueblo, Colorado. During the execution of the first search warrant, officers located a backpack containing fentanyl pills, various other controlled substances or apparent controlled substances, 9mm ammunition, and

.223 caliber ammunition. During execution of the second search warrant, officers located two firearms—a Glock 26 4th gen 9mm pistol (SN BGHF445) and a Beretta 92FS 9mm pistol (SN K77819Z)—in a cubby hole under the pantry in the defendant's kitchen. The defendant does not admit knowing possession of these firearms.

The fentanyl pills were tested and determined to be 44.79 grams of fentanyl. The defendant admits that he possessed this fentanyl in the District of Colorado with the intent to distribute it.

## VI. ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

a) Pursuant to U.S.S.G. § 3D1.2(d), Counts One and Two group.

| | |
|---|---|
| b) | The applicable Guideline for Counts One and Two is U.S.S.G. § 2D1.1.  157.5 grams of pure methamphetamine converts to 3,150 kg of converted drug weight.  44.79 grams of fentanyl converts to 111.975 kg of converted drug weight.  The total converted drug weight is therefore 3,261.975 kg.  Pursuant to U.S.S.G. § 2D1.1(c)(4), the base offense level is 32.[1] |
| c) | It is the Government's position that, because a dangerous weapon was possessed, two levels are added pursuant to U.S.S.G. § 2D1.1(b)(1).  The defendant disputes the applicability of this enhancement. |
| d) | Under the Government's calculation, the adjusted offense level is 34.  Under the defendant's calculation, the adjusted offense level is 32. |
| e) | Pursuant to U.S.S.G. §§ 3E1.1(a) and (b), three levels are subtracted for acceptance of responsibility. |
| f) | The Government's position is the resulting total offense level is 31.  The defendant's position is the resulting total offense level is 29. |
| g) | The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions.  The parties believe the defendant is in criminal history category VI. |
| h) | The career offender/criminal livelihood/armed career criminal adjustments do not apply. |
| i) | It is the Government's position that the advisory guideline range resulting from these calculations is 188-235 months.  It is the defendant's position that the advisory guideline range is 151-188 months   However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 108 months (bottom of Category I) to 235 months (top of Category VI) (corresponding to offense level 31) or 87 months to 188 months (corresponding to offense level 29).  The guideline range would not exceed, in any case, the cumulative statutory maximums applicable |

---

[1] Mr. Pearce is permitted to request the Court disagree with the Guidelines' punishment of pure methamphetamine more harshly than methamphetamine mixtures and calculate Mr. Pearce's guidelines in accordance with a methamphetamine mixture instead.  157.5 grams methamphetamine mixture converts to 315 kg converted drug weight.  The total converted drug weight would be 426.975 kg and the base offense level 26.

Page 9 of 11

        to the counts of conviction.

j)      Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for the grouped offenses would, at offense level 29 or 31, be $30,000 to $10,000,000, plus applicable interest and penalties.

k)      Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term cannot be less than 5 years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.  ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 9/2/22

SEAN PEARCE
Defendant

Date: 9/2/22

Jolie Masterson
Attorney for Defendant

Date: 9/7/22

Andrea Surratt
Assistant U.S. Attorney