IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00264-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. SEAN PEARCE,

    Defendant.

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

COMES NOW the United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Tonya S. Andrews, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure and moves this Court to enter a Preliminary Order of Forfeiture.

**I.     Procedural Background**

1. On November 3, 2021, the grand jury charged defendant Sean Pearce by Superseding Indictment in Count One with possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), in Count Two with possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and in Count Three with knowingly possessing a firearm by a person who had previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  (Doc. 21).

2. In the Superseding Indictment, the United States also sought forfeiture from

defendant Sean Pearce, pursuant to 21 U.S.C. § 853 of any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds obtained directly and indirectly, and all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses in Counts One and Two, and pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any and all firearms and ammunition involved in the commission of the offenses in Count Three, including but not limited to the firearms and ammunition seized from defendant Sean Pearce's residence on June 24, 2021.  (Doc. 21 at 2-3).[1]

3. On November 4, 2021, the United States filed its First Bill of Particulars which provided notice that pursuant to 18 U.S.C. § 853, it would seek forfeiture of defendant Sean Pearce's interest in $9,550.00 in U.S. currency.  (Doc. 25).

**4.** On September 7, 2022, the United States and defendant Sean Pearce entered in a Plea Agreement.  The Plea Agreement provides, *inter alia*, that the defendant agreed to plead guilty to Count One and Two of the Superseding Indictment, charging a violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B).  (Doc. 44 at 1).  The defendant also admitted to the forfeiture allegation and agreed to forfeit to the United States immediately and voluntarily, all assets and property, or portions thereof, that are subject to forfeiture, whether in possession or control of the United States or in possession or control of the defendant or the defendant's nominees, or elsewhere.  (Doc. 44 at 4-5).

**II.  Legal Argument**

5. Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under 21 U.S.C. § 853, 18

---

[1] The defendant asserted he had no rights to these firearms and ammunition and abandons all claims, title and interest in these assets as part of his plea agreement.  (Doc. 44, p.5)

U.S.C. § 924(d), and 28 U.S.C. § 2461(c) as soon as practicable after a plea of guilty. Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture.  Fed. R. Crim. P. 32.2(b)(2)(A).

6. It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant."  Fed. R. Crim. P. 32.2(a)(2)(B).

7. Title 21, United States Code, Section 853 provides for the criminal forfeiture of "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly," and "any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of" as a result of an offense under 21 U.S.C. § 801, *et. seq*.

8. Further, pursuant to 21 U.S.C. § 853(d), there is a rebuttable presumption at trial that any property of a person convicted of a felony under 21 U.S.C. § 801 *et seq.*, is subject to forfeiture if the United States establishes by a preponderance of the evidence that—(1) such property was acquired by such person during the period of the violation or within a reasonable time after such period; and (2) there was no likely source for such property other than the violations of Title 21.

9. As set forth in the Plea Agreement, the factual basis sets forth the requisite nexus exists between the property and the offenses.  Specifically, on February 1, 2021, defendant Sean Pearce was driving in Logan County, Colorado when he was stopped by Logan County Sheriff's Deputies.  The Sheriff's Deputies determined that defendant Sean Pearce had an outstanding warrant in Pueblo County, and he was placed under arrest.

Deputies searched defendant Sean Pearce's vehicle and it was found to contain marijuana, a needle, and $9,550.00 in U.S. currency.  While being processed into the Logan County Jail, officers discovered a small bag of Alprazolam and a large baggie containing 157.5 grams of methamphetamine in defendant Sean Pearce's possession. Defendant Sean Pearce admitted that he had possessed the methamphetamine with the intent to distribute it.  (Doc. 44 at 7).

10. Furthermore, on June 23, 2021, and June 24, 2021, investigators executed search warrants at defendant Sean Pearce's residence located in Pueblo, Colorado. During the execution of the first search warrant, investigators discovered a backpack containing fentanyl pills, other controlled substances, and 9mm and .223 caliber ammunition.  (Doc. 44 at 7-8).

11. In addition, as set forth in his Pre-Sentence Report, during the offense of conviction and shortly thereafter, the defendant had minimal income from other legitimate sources.

12. Accordingly, the defendant's interest in the $9,550.00 in U.S. currency are subject to forfeiture to the United States, pursuant to 21 U.S.C. § 853, as property used, or intended to be used, to facilitate his criminal offenses.

13. Further, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the property. Upon entry of the Preliminary Order of Forfeiture, the United States will send notice to any third parties that may have an interest in the above-identified assets.

14. Accordingly, the United States cannot accomplish the seizure, notice, and

publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture tendered herewith, for the reasons set forth above.

DATED this 16th day of November 2022.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: s/ *Tonya S. Andrews*
Tonya S. Andrews
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: tonya.andrews@usdoj.gov
*Attorney for the United States*

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 16th day of November 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all counsel of record.

                                  s/ *Jason Haddock*
                                  FSA Paralegal
                                  U.S. Attorney's Office